IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| COREY A. BURLEY, #614081 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv490 |
| LORIE DAVIS, ET AL. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Corey A. Burley, an inmate confined at the Coffield Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights action. Plaintiff names several prison officials as defendants. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

In his complaint, (Docket no. 1), Plaintiff stated the following:

> I am filing this complaint due to an incident that happened to me on (2-18-17). At around (18:00) [hours] I had a seizure and fell from the top bunk, busted my head, and injured my right shoulder. Medical came, failed to put on a C. Collar before taking me out of the cell, and rolled me to medical [department]. Upon arriving to medical my vitals were checked and my head examined. Medical put an IV in my arm because I was dehydrated. But, the IV was not functioning. ([sic] was contacted, and I was sent out 911.) I was treated at Palestine Regional Hospital. Upon returning to Coffield, my blood pressure was checked and I was sent back to the same bed/housing that I fell from with no meds or pain pills. I was forced to climb in and out of the top bunk, with no step ladder or hand holds. (This amounts to negligence.)

Moreover, Plaintiff explained that he is "also filing this complaint due to being housed in a 45 sq. ft. cell with another prisoner, particularly, but not limited to the lock downs when I am confined in this manner 24 hrs. per day for weeks at a time." He maintained that the totality of his confinement has caused him "to stay stressed out," and he has chronic fatigue, depression, sleep-

1

loss, and stays "angry all the time." Plaintiff sought declaratory, injunctive, and compensatory relief.

After reviewing a *Martinez* Report, Judge Mitchell issued a Report (Docket No. 40) recommending that Plaintiff's civil rights action be dismissed with prejudice as frivolous and for the failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b)(1). In doing so, Judge Mitchell reviewed Plaintiff's extensive medical records and prison grievances.

Plaintiff has filed timely objections (Docket No. 45). As an initial matter, issues raised for the first time in an objection to a Magistrate Judge's Report are not properly before the District Court. *See Place v. Thomas*, 61 F. App'x 120 (5th Cir. 2003); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, and importantly, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, on objection, Plaintiff is raising new claims and arguments. Specifically, Plaintiff complains about heat inside the Coffield Unit, infestations, water pollution, and being forced to eat "too fast"—none of which were raised in Plaintiff's complaint. In fact, Plaintiff notes that the "Magistrate [Judge] insist[s] that Plaintiff has not stated a claim for contaminated drinking water." However, as mentioned, Plaintiff did not raise a claim of contaminated water and, as such, the Report does not address purported water contamination. *See* Docket No. 1. These claims and arguments, which are raised for the first time on objection, are not properly before the Court.

Plaintiff also contends that "the TDCJ policy cited in his original and amended complaints are rebuttal against" any immunity defense; however, the Court notes that Plaintiff did not file an amended complaint, and the Court did not order an amended complaint. There is no amended complaint on the docket. A review of Plaintiff's objections—coupled with his single complaint and the Report—illustrates that he is blatantly misrepresenting the Magistrate Judge's findings and analyses, which is an invitation for sanctions.

In his substantive objection that addresses Judge Mitchell's Report, Plaintiff argues that TDCJ's medical records cannot be relied upon because "TDCJ has a long history of dishonest behavior" and deliberately omits his history of seizures. This contention is purely conclusory, which is insufficient to show deliberate indifference or any other constitutional violation. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995).

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Docket no. 40), is **ADOPTED** as the opinion of the Court. Plaintiff objections, (Docket no. 45), are **OVERRULED**. It is also

**ORDERED** that Plaintiff's civil rights lawsuit is **DISMISSED** with prejudice as both frivolous and for the failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **31st** day of **March, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE